24CA1966 Adoption of AES 11-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1966
El Paso County District Court No. 22JA30015
Honorable Diana K. May, Judge

In re the Petition of R.P.H.,

Appellee,

for the Adoption of A.E.S., a Child,

and Concerning D.T.S.,

Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE BERNARD*
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

The Gasper Law Group, PLLC, Carrie E. Kelly, Colorado Springs, Colorado, for
Appellee

Azizpour Donnelly, LLC, Katayoun A. Donnelly, Denver, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     This is a stepparent adoption case.  A father, D.T.S., appeals the judgment terminating the parent-child legal relationship between him and his child, A.E.S.  We reverse the judgment and remand the case to the juvenile court for further proceedings.

## I.     Background

¶ 2     Following the child's birth in July 2015, the child's mother, C.E.T., filed a petition for an allocation of parental responsibilities. A domestic relations judge awarded mother physical custody and sole decision-making responsibilities for the child; father received two hours of supervised parenting time per week, and he was ordered to pay child support.

¶ 3     The child's stepfather, R.P.H., married mother in 2022.  He filed a petition for stepparent adoption, along with a petition to terminate father's parental rights.  He also submitted (1) an "Affidavit of Abandonment" from mother, in which she alleged father had abandoned the child and had failed, without cause, to provide reasonable support, and (2) mother's "Consent to Adoption."

¶ 4     In February 2023, the juvenile court declined to set the matter for a contested hearing because father was undergoing a competency evaluation in his criminal cases.  The following month,

1

the court learned the judge in the criminal cases had found father incompetent to proceed, and the court again continued this case. Eventually, the court decided this case could proceed to a hearing, even though father was undergoing treatment to restore him to competency for the purposes of his criminal cases.

¶ 5    In August 2024, the court held an evidentiary hearing. Father was represented at the hearing by court-appointed counsel and a guardian ad litem. The evidence showed father had not had any contact with the child since September 2015, had not paid any child support, and had not provided any other type of support during the child's life. After hearing the evidence, the court made an oral ruling in which it considered the termination criteria in the relinquishment statute, section 19-5-105, C.R.S. 2025, but it did not cite the stepparent adoption statute, section 19-5-203(1)(d)(II), C.R.S. 2025.

¶ 6    Stepfather then submitted a form order generally tracking the court's oral ruling, except the order added four references to the stepparent adoption statute. Counsel for father approved the form of the order submitted by stepfather's counsel. The court then approved the form order, noting, "[t]o the extent that these written

orders diverge from any oral findings or orders, these written orders shall control."

## II.    Discussion

¶ 7      Father contends the court did not make necessary factual findings to terminate his parental rights in a stepparent adoption proceeding.  We agree, and we therefore reverse the judgment and remand the case to the court so it can consider whether it will make those findings.

¶ 8      Father also asserts the juvenile court erred because it applied the relinquishment statute, section 19-5-105, rather than the stepparent adoption statute, section 19-5-203(1)(d)(II).  We conclude the emphasis on the relinquishment statute in the court's oral ruling and written order rendered it impossible for us to determine whether the court had made the necessary factual findings described in the previous paragraph.

### A.    Applicable Law and Standard of Review

¶ 9      The stepparent adoption statute and the relinquishment statute provide different standards for terminating parental rights. *In re D.S.L.*, 18 P.3d 856, 858 (Colo. App. 2001).  Because termination of parental rights is a decision of paramount gravity

affecting the parent's fundamental interest in the care, custody, and control of a child, a court must strictly comply with the appropriate standards for termination. *K.D. v. People*, 139 P.3d 695, 700 (Colo. 2006).

¶ 10 To terminate parental rights under the stepparent adoption statute, a juvenile court must find, by clear and convincing evidence, that (1) termination and adoption are in the child's best interests, and (2) the child is available for adoption. *In re R.H.N.*, 710 P.2d 482, 485 (Colo. 1985). Under section 19-5-203(1)(d)(II), a child is available for adoption if one parent consents and the other parent has (1) abandoned the child for a period of one year or more, *or* (2) failed without cause to provide reasonable support for a period of one year or more. As to the former, the court must consider whether the parent *intended* to abandon the child. *In re J.D.K.*, 37 P.3d 541, 543 (Colo. App. 2001). And as to the latter, the court must determine whether there is any likelihood that the parent will provide child support in the future. *R.H.N.*, 710 P.2d at 487.

¶ 11 If a parent voluntarily relinquishes parental rights, the "agency or person having custody of the child" may file a petition to

terminate the other parent's parental rights under the relinquishment statute. § 19-5-105(1); *see also* 19-5-103, C.R.S. 2025 (describing the process by which parents may relinquish their parental rights). Under section 19-5-105, the juvenile court may terminate the non-relinquishing parent's parental rights if it finds, by clear and convincing evidence, that termination is in the child's best interests, along with one or more of the following criteria: (1) the non-relinquishing parent is unfit; (2) the non-relinquishing parent has not established a substantial, positive relationship with the child; or (3) the non-relinquishing parent has not taken substantial parental responsibility for the child. § 19-5-105(3.1).

¶ 12    Whether the juvenile court applied the correct legal standard in making its findings is a question of law that we review de novo. *See People in Interest of K.L.W.*, 2021 COA 56, ¶ 42. "A juvenile court's findings are adequate when they conform to the statutory criteria for termination and when they sufficiently address each requirement for termination of parental rights." *In re E.R.S.*, 2019 COA 40, ¶ 52. "We will not set aside a termination order if the court's findings conform to the statutory criteria and we can determine the basis for the court's order." *Id.*

## B.    Analysis

¶ 13    On appeal, stepfather concedes the juvenile court did not issue its findings under the correct statute during its oral ruling. But he maintains any shortcomings in the court's oral ruling were corrected by the written order. *See People in Interest of S.R.N.J-S.*, 2020 COA 12, ¶ 16 ("Generally, a written order controls over a conflicting oral ruling."). We disagree the written order adequately corrected those shortcomings.

¶ 14    We note there are minimal differences between the court's oral ruling and its written order. As noted, the court approved stepfather's form order, which inserted four references to the stepparent adoption statute. This means the oral ruling and the written order both erroneously invoked the relinquishment statute. In fact, the court did not remove any of its extensive findings under the relinquishment statute from the written order, even though that statute had no bearing on this case. And, indeed, stepfather concedes the court incorrectly cited the relinquishment statute in its oral ruling and written order.

¶ 15    Most importantly, neither the court's oral ruling nor its written order referred to the specific criteria in the stepparent adoption

statute. So we cannot glean the basis for its termination order. *See E.R.S.*, ¶ 52. Specifically, the court did not expressly address either of the ways in which a child could be available for adoption. We therefore cannot be certain whether the court found the child was available for adoption because father abandoned the child, because he failed without cause to support the child, or because he did both things. *See id.* at ¶ 61 ("[A]bandonment and failure to provide reasonable support are separate and independent grounds for declaring a child available for adoption.").

¶ 16   More granularly, the court did not make the required findings in either the oral ruling or the written order that (1) father *intended* to abandon the child, *see D.P.H. v. J.L.B.*, 260 P.3d 320, 326 (Colo. 2011)(noting the court must make an "express determination" that the parent had the intent to abandon the child), and (2) there was no likelihood father would provide child support in the future, *see R.H.N.*, 710 P.2d at 487 (holding that fundamental fairness requires the court to look beyond the twelve months immediately preceding the petition's filing). These are factual questions the court had to consider. *See D.P.H.*, 260 P.3d at 325 (intent to abandon); *R.H.N.*, 710 P.2d at 487 (likelihood of future support). And we cannot make

factual findings on appeal. *See People in Interest of S.Z.S.*, 2022 COA 133, ¶ 21. So we must reverse the judgment and remand this case to the court to consider those factual questions.

¶ 17 We acknowledge the court made some findings in its oral ruling and its written order that could be seen as satisfying the stepparent adoption statute. For example, the court noted father had "legally abandoned" the child. It also found father had made no effort to support his child, either financially or in some other way. And the court found father's actions were "without cause." But, because there is no indication these findings were made under the stepparent adoption statute and not under the relinquishment statute, we cannot say with any certainty that the court properly considered the evidence for purposes of termination under the stepparent adoption statute. *See D.P.H.*, 260 P.3d at 325 (intent to abandon); *R.H.N.*, 710 P.2d at 487 (likelihood of future support).

¶ 18 In sum, the findings in the court's oral ruling and its written order are inadequate because they do not conform to the statutory criteria for termination in the stepparent adoption statute, and they do not sufficiently address each of the requirements in that statute. We therefore cannot adequately glean the basis for the court's

decision, so we cannot meaningfully review the oral ruling and the written order.

## III.    Disposition

¶ 19    The judgment is reversed, and the case is remanded to the juvenile court for further proceedings consistent with this opinion. On remand, the court may base its determination on evidence currently in the record or it may, within its discretion, take additional evidence.  *See D.P.H.*, 260 P.3d at 326.

JUDGE WELLING and JUDGE SULLIVAN concur.